Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in Abstract 52793, which case followed *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 53424.**—Armour & Company v. United States, protests 147853-K and 147815-K (New York).

Opinion by COLE, J. It was stipulated that the merchandise consists of ox gall the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138). The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53425.**—Eli Lilly and Company v. United States, protests 133691-K, 133692-K, and 133693-K (Indianapolis).

Opinion by COLE, J. It was stipulated that the merchandise consists of ox gall the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138). The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53426.**—J. E. Bernard & Co., Inc. v. United States, protest 133686-K/1325 (Chicago).

Opinion by COLE, J. It was stipulated that the merchandise consists of ox gall and hog gall the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138). The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53427.**—Frank P. Dow Co., Inc. v. United States, protest 138665-K (San Francisco).

Opinion by COLE, J. At the trial the importer identified a sample of the merchandise, exhibit 1, which he described as a hand-embroidered rug, wherein